UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                  Case No. 05-80137

CEDRIC SIMPSON,                                              HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

I.  Introduction

This is a criminal case.  Before the court is defendant Cedric Simpson's motion to dismiss for violation of the Speedy Trial Act, 18 U.S.C. §§ 3161 and 3162.  For the reasons that follow, the motion is DENIED.

II.  Background

The relevant procedural facts follow.

On January 20, 2005, a complaint was sworn before a magistrate judge charging defendant with being a Felon in possession of a Firearm, 18 U.S.C. 922(g)(1). On January 31, 2005, defendant had his initial appearance before a magistrate judge.  On February 10, 2005, a grand jury returned a seven count indictment charging defendant with various firearm offenses, including four counts of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1), one count of possession of an Unregistered Firearm, 26 U.S.C. § 5861, and one count of Felon in Possession of Ammunition, 18 U.S.C. § 922(g)(1).  On

1

February 23, 2005, the defendant was arraigned and stood mute.[1]

On April 28, 2005, defendant filed the instant motion seeking dismissal of the indictment with prejudice, for an alleged violation of the Speedy Trial Act; the filing of this Motion stopped the Speedy Trial Clock from running.  The defendant says that dismissal is warranted since more then 70 non-excludable days elapsed since his indictment by the Grand Jury (on February 10, 2005) to the present date.[2]  (See Exhibit A for timeline of pertinent dates).  On May 19, 2005, the District Court issued a "Notice of Jury Trial" notifying the parties to appear for trial on June 20, 2005.

### III.  Analysis

#### A.  Legal Standard

18 U.S.C. § 3161(c)(1) provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information of indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.  If a defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent.

Subsection (h) of section 3161 provides that certain periods of delay are excluded from the computation of the time within which the trial must commence.  18 U.S.C. § 3162 provides the penalties for a violation of § 3161(c)(1), as follows:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant.  The defendant shall have the burden of proof supporting such motion, but the Government shall have the burden of going

---

[1] When a defendant stands mute, the court enters a plea of not guilty.  See United States v. Garcia, 252 F.3d 838 (6th Cir. 2001).
[2] Since the filing of the instant motion, defendant went to trial and was convicted by a jury on all seven charges.  He is awaiting sentencing.

2

forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice. Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

B.  Discussion

The issue is whether the speedy trial clock begins to run on the date defendant was indicted or the date he was arraigned. Defendant says that under 18 U.S.C. § 3161(c)(1), the seventy day time period begins to run at the filing of the indictment. In support, defendant cites United States v. Mentz, 840 F.3d 315, 225 (6th Cir. 1988) and United States v. Moran, 998 F.2d 1368, 1370 (6th Cir. 1993). In Mentz, the Court of Appeals for the Sixth Circuit stated:

> When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in district court, the seventy day pretrial period runs from the day of his indictment,

Mentz, 840 F.3d at 225 (quoting United States v. Haiges, 688 F.2d 1273, 1274 (9th Cir. 1982)).

Contrarily, the government says that the Speedy Trial Clock begins to run at the time of the defendant's arraignment, not indictment, and that defendant's reliance on United States v. Moran, 998 F.2d 1368, 1370 (6th Cir. 1993) and United States v. Mentz, supra is misplaced because these cases are no longer precedential. The government also says that defendant fails to address or acknowledge the black letter law that has developed since the 1988 and 1993 decisions on which defendant relies.

The government's argument is well taken. In United States v. O'Dell, 154 F.3d 358, 362 (6th Cir. 1998), the Sixth Circuit held that the Speedy Trial Clock does not commence until after the defendant enters a plea at arraignment, regardless of any prior

3

court appearances a defendant may have had pertaining to this case. The Court of Appeals stated, "[t]he defendant's arguments cannot overcome the plain meaning of the statutory language [which requires the entry of a not guilty plea before commencing the speedy trial clock]. We refuse to second guess Congress' choice of a [bright line], unqualified requirement of a not guilty plea."

The Sixth Circuit favorably cited O'Dell, in United States v. Levon, 127 Fed. Appx. 865, 869 (6th Cir. 2005). In Levon, the Sixth Circuit court rejected defendant's argument that the speedy trial clock began to run on the date of his first court appearance, rather than on the date of his arraignment, stating: "[w]e have previously held that the plain meaning of the language of the STA requires a not guilty plea to begin the clock running... Because the statute expressly applies only to cases in which pleas of not guilty have been entered, the date on which the defendant pleaded not guilty, rather than the initial appearance without counsel, started the Speedy Trial Act clock in this case." Levon, 127 Fed. Appx. at 869.

Defendant, however, says that the government erroneously relies on O'Dell because it is factually distinguishable from the instant case. Section 3161 (c)(1) requires the entry of a not guilty plea to begin the speedy trial clock. In O'Dell, the defendant argued that his withdrawal of a guilty plea was analogous to the entry of a not guilty plea, and therefore should have commenced the speedy trial clock. The Sixth Circuit held that an actual not guilty plea must be entered in order for the speedy trial clock to run, and the withdrawal of a guilty plea does not fulfill the speedy trial act's requirement.

Although O'Dell and the instant case are factually distinguishable, as the defendant here did not rely on a withdrawal of a guilty plea to initiate the running of the speedy trial clock, the distinction, however, is irrelevant. The point is that the speedy

4

trial clock begins to run at the time of a not guilty plea, which in this case was at defendant's arraignment.

This point was reiterated in United States v. Goward, 2004 WL 114974, *6 (E.D. Mich. Jan. 15, 2004), which is factually similar to the instant case.  In Goward, the defendant, who was charged along with nine other co-defendants with various drug trafficking and weapons offenses, filed a motion contending that the Speedy Trial Act was violated.  The grand jury returned the indictment against the defendants on September 25, 2002 and Goward was arraigned on October 15, 2002.  The Sixth Circuit rejected defendant=s argument based on the Speedy Trial Act, stating in part:

> The 70-day limit for trial begins to run from the latter of two days: when the defendant is indicted, or when the defendant "appear[s] before a judicial officer." 18 U.S.C. ' 3161(c)(1).  This Circuit construes the term "appear" to mean "arraignment," that is, when the defendant enters a not-guilty plea.  See *United States v. O'Dell*, 154 F.3d 358, 360-62 (6th Cir.1998).

Thus, it is clear that in the Sixth Circuit, the seventy day time period runs from the latter of the indictment or when a not-guilty plea is entered.  Here, that "latter" date is defendant arraignment.  Because the seventy day time constraint had not elapsed when defendant filed the instant motion, there was no violation of the Speedy Trial Act.[3]

SO ORDERED.

                                           s/ Avern Cohn
                                           AVERN COHN
Dated: July 27, 2006                       UNITED STATES DISTRICT JUDGE
       Detroit, Michigan

---

[3] The Court declines to address the government's alternative argument that under the principles of equity and estoppel, the motion should be denied.

5